UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MELINDIA JACKSON, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:14-cv-229 |
| | ) |
| v. | )   Honorable Paul L. Maloney |
| | ) |
| MEMBER SELECT INSURANCE | ) |
| GROUP, a/k/a Auto Club of Michigan, | )   **REPORT AND RECOMMENDATION** |
| | ) |
| Defendant. | ) |
| _____ | ) |

This is a civil action brought by a *pro se* plaintiff against her insurance company. Plaintiff initiated this case by filing a one-page complaint on March 7, 2014. The complaint alleged that plaintiff was involved in an automobile accident on an unidentified date and that the driver of the other vehicle was a white male. She alleged that she and the white male had the same insurance company. The complaint suggested that the insurance company defendant denied coverage under the policy in some way and alleged in vague fashion that the insurance company's failure to honor plaintiff's claim was the result of discrimination on the basis of age, race, sex, disability and retaliation. The court issued a deficiency order (docket # 6) on March 12, 2014, informing plaintiff that the factual allegations in her complaint were so vague that they failed to state any claim for relief and directing her to "file an amended complaint alleging the facts underlying her claim." The order went on to state that the amended complaint "must set forth relevant dates and events and must

allege facts that support a plausible claim of race discrimination." Thereafter, plaintiff sought and was granted an extension of time in which to file her amended complaint.

Plaintiff filed her amended complaint on May 2, 2014. The amended complaint is two pages long and says nothing about race discrimination. Rather, plaintiff now seeks to ground her claim against the insurance company on the Americans With Disabilities Act (ADA). Plaintiff alleges that the defendant insurance company knew of her past disability and denied her health services that she was entitled to under the policy. The amended complaint then sets forth a series of allegations concerning plaintiff's attempts to procure benefits and the actions of various insurance company employees in denying her claims.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*

-2-

*v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if she pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that plaintiff has stated no plausible federal claim against her insurer.

It is obvious from plaintiff's amended complaint that her real cause of action is a first-party no-fault claim against her own no-fault carrier, arising from an automobile accident. *See Bonkowski v. Allstate Ins. Co.*, 544 F. App'x 597, 599-600 (6th Cir. 2013). Such claims arise under state law and must be heard in the state courts, unless plaintiff and her insurance company are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Plaintiff does not allege that diversity jurisdiction exists here, and it is patent from the face of the complaint that plaintiff is a Michigan citizen and that the defendant insurance company is a Michigan corporation. Her state-law claim for denial of no-fault benefits must be heard in the state courts.

Plaintiff's invocation of the Americans With Disabilities Act does not create even a colorable federal claim sufficient to invoke this court's subject-matter jurisdiction under 28 U.S.C. § 1331. In general, only two titles of the ADA create a cause of action against private entities. Title I of the ADA prohibits employment discrimination against a qualified individual on the basis of her disability. 42 U.S.C. § 12112(a). Plaintiff does not allege that she was ever employed by defendant.

-3-

Consequently, the amended complaint is insufficient to allege a claim under Title I, as no facts are pleaded showing that the defendant is a covered entity or that plaintiff is a qualified individual within the meaning of Title I.  Title III of the ADA prohibits discrimination based on disability in the full use and enjoyment of the goods, services or accommodations "of any place of public accommodation by any person" who operates such a place of public accommodation.  42 U.S.C. § 12182(a).  A public accommodation includes an insurance office.  42 U.S.C. § 12181(7)(F).  Therefore, insurance companies can be subject to a Title III claim arising from deficiencies in their physical offices.  The *en banc* Sixth Circuit has held, however, that the ADA does not control the content of insurance policies.  *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997) (*en banc*).  The court held that a public accommodation is a physical place and that Title III therefore does not extend to claims by an insured concerning the content of a policy.  *Id.* at 1012.  Simply put, Title III of the ADA does not govern the "content or terms" of an insurance policy.  *Baron v. Dulinski*, 928 F. Supp. 2d 38, 43 (D.D.C. 2013) (collecting cases).

       Plaintiff's claim for no-fault benefits against her automobile insurer is governed completely by state law.  The complaint does not state even an arguable claim against the insurance company under the ADA or any other federal law.

**Recommended Disposition**

I recommend that plaintiff's complaint and amended complaint be dismissed with prejudice, insofar as they purport to allege federal claims against defendant, for failure to state a claim upon which relief can be granted. Any state-law claim should be dismissed without prejudice for lack of subject-matter jurisdiction.


Dated:  May 9, 2014                      /s/  Joseph G. Scoville
                                         United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).