UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELINDIA JACKSON,             )<br>          Plaintiff,              )<br>                                          )<br>-v-                                     )<br>                                          )<br>MEMBER SELECT INSURANCE GROUP,  )<br>a/k/a Auto Club of Michigan,        )<br>          Defendant.             )<br>_____)  | No. 1:14-cv-229<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING LAWSUIT**

Melindia Jackson, proceeding without counsel and *in forma pauperis*, initiated this lawsuit against Defendant Member Select Insurance Group. Jackson was directed to file an amended complaint, which she did. The magistrate judge reviewed the amended complaint and issued a report recommending Jackson's federal claims against her insurance company be dismissed with prejudice and any state claims be dismissed without prejudice. (ECF No. 11.) Jackson filed an objection. (ECF No. 12.)

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Upon review of the record, the Court agrees with the recommendations of the magistrate judge. Jackson's objection does not address the deficiencies identified in the report. This Court must liberally construe the pleadings and other filings of pro se parties. *Boswell v. Mayer*, 169 F.3d

384, 387 (6th Cir. 1999); *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).  Jackson urges the Court to overlook her error in neglecting to mention race.  But merely mentioning race, without much more information, would not state a claim upon which relief may be granted.  This Court may overlook Jackson's confusion of legal issues, unfamiliarity with pleading requirements, and errors in grammar, syntax and sentence construction.  *See Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  However, this Court's obligation to liberally construe Jackson's pleadings does not require the Court to conjure unpled allegations or construct legal claims for her.  *See id.*; *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).  Interpreting the duty to liberally construe pro se pleadings to require the Court to find and anticipate all possible claims a litigant might raise would transform the Court from neutral adjudicator to advocate.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Therefore, the Report and Recommendation (ECF No. 11) is **ADOPTED**, over objections, as the opinion of this Court.  Jackson's federal claims against Defendant Member Select Insurance are **DISMISSED WITH PREJUDICE.**  Any claims based on state law are **DISMISSED WITHOUT PREJUDICE.  IT IS SO ORDERED.**


Date:   May 29, 2014                                        /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     Chief United States District Judge